UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br>　　　　　Plaintiff,<br>　　v.<br>SHAWN GRANBERRY, et al.,<br>　　　　　Defendants. | Case No. 21-cv-02604-JSC<br><br>**ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING ORDER PURSUANT TO 28 U.S.C § 1915**<br><br>Re: Dkt. Nos. 3, 13 |

Plaintiff, proceeding without representation by a lawyer, initiated this action in the Eastern District of California. The matter was transferred to this District before a final ruling on Plaintiff's Application to Proceed in Forma Pauperis or review of Plaintiff's Second Amended Complaint ("SAC") pursuant to 28 U.S.C § 1915. (Dkt. Nos. 3, 13, 14.) Having considered the Application to Proceed In Forma Pauperis, the Court GRANTS Plaintiff's application. (Dkt. No. 3.) The Court must now review the SAC's allegations under 28 U.S.C. § 1915. Because Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8, pursuant to 28 U.S.C. § 1915(e)(2) the Court gives Plaintiff the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

Plaintiff's suit names Defendants Shawn Granberry, Thomas D. McElroy, and Jay Williams. Defendants Granberry and McElroy are part of Plaintiff's extended family, and he has seen them at many family gatherings over the years. Plaintiff alleges he "started my creation that is copyrighted [on] August 8, 2010," which appears to refer to a documentary film that he published through a venture called Music Don Juan Bledsoe Music Entertainment. (Dkt. No. 13 at 1.) After Defendants launched a venture called Hip Hop T.V. in September 2015, Plaintiff alleges that they published products similar to the documentary that he had published years earlier.

Defendants Granberry and McElroy were friends with Plaintiff on Facebook from 2010 to 2018 and had access to material that he posted there. Plaintiff connected with Defendant Williams through Defendant Granberry, and Defendant Williams was friends with Plaintiff on Facebook for about six months in 2018. Plaintiff "unfriended" all three Defendants in 2018 when he "found out that [they] were stealing my ideas for their product Hip Hop T.V." (*Id.* at 3.) He alleges they "willfully and maliciously stole and copied my style in the music video entertainment field," (*id.* at 6), "based off the ongoing competition between Hip Hop T.V. and Music Don Juan Bledsoe Music Entertainment," (*id.* at 4).

Plaintiff brings claims for breach of contract and copyright infringement, as well as statutory damages for violations of 17 U.S.C. § 504. Three exhibits are attached to the SAC:[1] (1) a flash drive containing Plaintiff's documentary; (2) a copyright registration for a work titled "THE EASTERN STAR FEDERATION WARSHIP FW7 477," effective November 6, 2019; and (3) a copyright registration for a work the title of which begins "GOD'S CHILD SPIRITUAL ANALYST," effective November 5, 2019.

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] A court may consider attached documents when evaluating the complaint's sufficiency. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

2

to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**DISCUSSION**

To state a claim for breach of contract, a plaintiff must allege facts plausibly showing (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Reichert v. General Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968). The SAC does not allege facts showing that Plaintiff and Defendants had any kind of agreement or what Defendants did to breach that agreement.

To state a claim for copyright infringement, a plaintiff must allege facts plausibly showing (1) that he owns a valid copyright in the work, and (2) "copying" and "unlawful appropriation." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). For "copying," the alleged facts must plausibly show, directly, that the defendant copied or, circumstantially, that the defendant had access to the plaintiff's work and the works are strikingly similar. *Id.* For "unlawful appropriation," the alleged facts must plausibly show that specific elements of the works are objectively similar and that an ordinary observer would view the overall works as similar. *Id.*

3

The SAC adequately alleges the first element; although the titles of the copyrighted works do not make clear which corresponds to Plaintiff's documentary, liberally construed the SAC does show that Plaintiff owns a valid copyright. However, it fails to allege facts to support the second element. Plaintiff does not identify or describe a particular work or works published by Defendants. For this reason, the SAC does not give Defendants fair notice of the basis for Plaintiff's copyright infringement claim. Additionally, Plaintiff states that Defendants' work was similar to his and that they copied his style, but these are conclusory. The SAC does not allege specific facts to show how and to what extent any of Defendants' works were similar to Plaintiff's. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (the court need not accept as true conclusory legal allegations cast in the form of factual allegations).

## CONCLUSION

For the reasons described above, the SAC as pleaded does not comply with Rule 8. Although Plaintiff has had the opportunity to amend several times since filing his original complaint, (*see* Dkt. Nos. 5, 12, 13), since the case has been transferred Plaintiff can now make use of additional resources in this District to adequately amend his complaint. Therefore, leave to amend is appropriate. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1127. The Court encourages Mr. Bledsoe to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Mr. Bledsoe should make a telephone appointment by calling (415) 782-8982.

If he chooses to amend, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the amended complaint should contain all the defendants, claims, and specific factual allegations that Plaintiff wishes to put before the Court. Finally, Plaintiff is warned that failure to comply with the Federal Rules of

Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed.

The deadline to file a third amended complaint is **July 28, 2021**.

This Order disposes of Docket No. 3.

**IT IS SO ORDERED.**

Dated: June 28, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge